# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LALITHA D. SARIPALLI, )
)
    Plaintiff, )
)
v. ) Case No. CV412-075
)
SAVANNAH TECHNICAL )
COLLEGE, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Lalitha D. Saripalli moves for leave to appeal *in forma pauperis* (IFP). Doc. 60. She must comply with Fed. R. App. P. 24(a)(1)'s requirements:

1) **Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal [IFP] must file a motion in the district court. The party must attach an affidavit that:

    (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

    (B) claims an entitlement to redress; and

    (C) states the issues that the party intends to present on

appeal.

Rule 24(a)(1).

Saripalli's one-page "Motion to Appeal" (doc. 60) comes nowhere close to meeting those requirements. She has filed no affidavit, for example, much less one that shows indigency, her appellate issues, and her entitlement to redress. *See, e.g., Johnson v. Cargill, Inc.*, 932 F. Supp. 2d 872, 892 (W.D. Tenn. 2013) (under Rule 24(a)(1)'s criteria, employee in employment discrimination case could not proceed IFP on appeal of court's summary judgment to employer; no good faith showing made -- plaintiff's failure to apply for position precluded discrimination claims, and he failed to establish causation regarding retaliation claim).

While the Court construes *pro se* filings liberally, Saripalli is subject to the same rules governing federal proceedings that apply to all represented litigants.[1] Because plaintiff has failed to meet Rule 24(a)(1)'s requirements, her IFP motion should be **DENIED**. Doc. 60. Meanwhile, since she filed her Notice of Appeal, doc. 59, she must also pay

---

1 *See Nelson v. Barden*, 145 F. App'x 303, 311 n. 10 (11th Cir. 2005) ("[A] defendant's *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

the full $505 appellate filing fee or, within thirty days of the district judge's adoption of this ruling, file with the Eleventh Circuit Court of Appeals a supported, Rule 24(a)(5) IFP motion. *See* Rule 24(a)(5); *Johnson*, 932 F. Supp. 2d at 892 n. 39; http://www.ca11.uscourts.gov/about/fees.php (appellate fee schedule) (site last visited April 2, 2014).

**SO ORDERED**, this 4th day of April, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA